[Civ. No. 2023.   Second Appellate District.—September 5, 1916.]

ALFRED BLANCHARD, Respondent, v. MARK KEPPEL, Appellant.

SCHOOL LAW—PRELIMINARY ELEMENTARY SCHOOL CERTIFICATE—FEE FOR.—An applicant for a preliminary elementary school certificate authorizing him to do practice and cadet teaching in any of the elementary schools of a county is required to pay the fee of two dollars provided ·by section 1565 of the Political Code to be paid by each applicant for a teacher's certificate, "except for a temporary certificate." The term "temporary certificate," is not used anywhere in the code as applied to any form of certificate issued by a county board of education.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, and Hugh Gordon, Deputy County Counsel, for Appellant.

John W. Luter, for Respondent.

CONREY, P. J.—This is a proceeding in *mandamus* wherein the defendant has appealed from the judgment. By the terms of the judgment the defendant, as superintendent of schools of the county of Los Angeles and *ex-officio* secretary of the county board of education, is required to approve and present to the county board of education the application of the petitioner (together with the recommendation of the president of the State Normal School at Los Angeles) for the issuance to the petitioner of a preliminary elementary school certificate authorizing him to do practice and cadet teaching, without salary, in any of the elementary schools of Los Angeles County, without the payment of a fee of two dollars demanded by appellant. The superior court held that a preliminary elementary school certificate as described and referred to in the Political Code in section 1775 (subd. c. of subd. 1) and in section 1771 (subd. c of subd. 3) is not a teacher's certificate within the meaning of section 1565 of that code.

The fee of two dollars demanded by appellant from respondent as an applicant for a preliminary school certificate, is required by section 1565 to be paid by every applicant for a teacher's certificate, "except for a temporary certificate." Section 1543 provides for the issuance of "temporary certificates" good for not exceeding six months, and which are issued, upon certain credentials shown, by the superintendent of schools of the county. Various other forms of certificate mentioned in section 1771 and in other sections of the Political Code are issued by the county board of education. In the list of these last-mentioned certificates we find no reference to a "temporary certificate," but it does include "preliminary elementary certificates" which shall not be valid for a longer period than two years. It does not appear that the code anywhere uses the term "temporary certificate" as applied to any form of certificate issued by a county board of education.

We shall not follow respondent's counsel in his argument based upon alleged unreasonableness of the two dollar fee. The language of the code being in this instance clear and unmistakable, we cannot indulge in a discussion about what the legislature ought to have intended to do.

The judgment is reversed.

James, J., and Shaw, J., concurred.